IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Douglas Mallory, Individually and on Behalf of all Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:24-cv-02322 |
| v. | § § | |
| Gerald Stogsdill, Individually, Debra Peña, Individually, and Cosmopolitan Corp. d/b/a Cosmopolitan Lounge, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Douglas Mallory ("Plaintiff"), Individually and on Behalf of All Other Similarly Situated Persons ("Class Members"), hereby files this Original Collective Action Complaint against Gerald Stogsdill, Individually, Debra Peña, Individually, and Cosmopolitan Corp. d/b/a Cosmopolitan Lounge (collectively, "Defendants" or "Cosmopolitan") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as amended ("FLSA").

### I. NATURE OF SUIT

1. This case seeks relief for Defendants' violations of the FLSA's minimum wage and tip credit rules and is brought as a class action under 29 U.S.C. § 216(b) as to all individuals who worked as bartenders and/or servers for Cosmopolitan during the three-year period preceding the filing of this lawsuit.

2. The FLSA requires that employers pay their employees a minimum wage, presently $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). The FLSA contains an exception that permits employers to pay "tipped employees" less than the minimum wage—as little as $2.13 per hour—when the tipped employees' tips make up the difference to the minimum wage. 29 U.S.C. § 203(m). An employer utilizing this "tip credit" realizes significant savings on its wage expenses, as the majority of the employer's minimum wage obligation is shifted to customers, who supplement employee wages through their tips.

3. The employer has the burden of proving its entitlement to take the tip credit. *Montano v. Montrose Rest. Assoc., Inc.*, 800 F.3d 186, 189 (5th Cir. 2015). These prerequisites are strictly construed; an employer that fails to satisfy these requirements forfeits the tip credit. *Id.*; *see also Pedigo v. Austin Rumba, Inc.,* 722 F.Supp. 2d 714, 724 (W.D. Tex. 2010).

4. In order to utilize the tip credit, an employer must provide the statutory notice required by the FLSA. 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b). An employer that fails to provide such notice "must be divested of its statutory tip credit for the relevant time period." *Ettorre v. Russos Westheimer, Inc.,* No. 21-20344, 2022 WL 822181, at *2 (5th Cir. Mar. 18, 2022), *quoting Steele v. Leasing Enters, Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016).

5. In order to utilize the tip credit, an employer must permit tipped employees to retain their tips except to the extent that those tips are included in a lawfully administered tip pool. 29 U.S.C. § 203(m); 29 C.F.R. § 531.52. An employer

who takes the tip credit may require an employee to contribute tips to a tip pool only if the tip pool is limited to employees who customarily and regularly receive tips. *Id.* Under no circumstances may employers require employees to share tips with the employer or with the employer's managers and supervisors. *Id.*; 29 C.F.R. § 531.54. Violation of these requirements results in forfeiture of the tip credit for the relevant time period. *Montano,* 800 F.3d at 188-89.

6. Defendants have a policy and practice of paying all bartenders and/or servers, including Plaintiff and Class Members, a subminimum wage pursuant to the tip credit provisions of the FLSA, and a policy and practice of requiring all bartenders and/or servers, including Plaintiff and Class Members, to participate in a mandatory tip pool operated by Defendants.

7. Defendants have forfeited the tip credit for hours worked by bartenders and/or servers during the relevant time period, including Plaintiff and Class Members, by failing to provide the notices required by 29 U.S.C. § 203(m).

8. Defendants have forfeited the tip credit for hours worked by bartenders and/or servers during the relevant time period, including Plaintiff and Class Members, as Defendants did not permit bartenders and/or servers to retain their tips, and instead required bartenders and/or servers, as a matter of policy and practice, to contribute their tips to a tip pool which did not comply with the legal requirements for a tip pool. Defendants' tip pool was invalid because the pool distributed tips belonging to Plaintiff and Class Members to supervisors, workers who did not

customarily and regularly receive tips, and did not comply with the mandatory notice provisions required under the FLSA.

9. As a matter of policy and practice, Defendants have failed to pay bartenders and/or servers, including Plaintiff and Class Members, the required federal minimum wage for the performance of nontipped work unrelated to their tipped occupation.

10. Defendants have failed to maintain the records required for employers who are utilizing the tip credit or operating an employer-administered tip pool. 29 C.F.R. § 516.28.

11. As a result of these violations, Defendants have forfeited the ability to take the tip credit as to the hours worked by bartenders and/or servers, including Plaintiff and Class Members, during the three-year period preceding this lawsuit. 29 U.S.C. § 216(b). Defendants are further liable to Plaintiff and Class Members for the amount of their tips unlawfully retained by Defendants during the three-year period preceding this lawsuit. *Id.* Defendants are further liable to Plaintiff and Class Members for an additional equal amount as liquidated damages. *Id.* Defendants are further liable for all other statutory damages provided by the FLSA, including an award to Plaintiff and Class Members of their reasonable attorneys' fees and costs. *Id.*

## II. PARTIES

12. Plaintiff Douglas Mallory is an individual who resides in Dallas County, Texas. Plaintiff was employed by Defendants as a bartender and/or server during a

period of time in the three years preceding the filing of this lawsuit. Plaintiff Douglas Mallory has consented to be a party-plaintiff to this action, as indicated by the consent form attached hereto as "Exhibit A."

13. Class Members are all present and past bartenders and/or servers employed by Defendants during the three-year period preceding the filing of this lawsuit.

14. Defendant Gerald Stogsdill is an individual Texas resident and a citizen of the State of Texas. Defendant Gerald Stogsdill owns and/or operates Cosmopolitan as a corporation. Mr. Stogsdill may be served with process at his residence: 10240 Newcombe, Dallas, Texas 75228.

15. Defendant Debra Peña is an individual Texas resident and a citizen of the State of Texas. Defendant Debra Peña owns and/or operates Cosmopolitan as a corporation. Defendant Debra Peña may be served with process at her usual place of business, 1212 Skillman St, Dallas, TX 75206, USA, or wherever she may be found.

16. Defendant Cosmopolitan Corp. d/b/a Cosmopolitan Lounge is a Texas corporation with a principal place of business at 1212 Skillman St., Dallas, Texas 75206. Defendant may be served with process through its registered agent for service, Gerald Stogsdill, 10240 Newcombe, Dallas, Texas 75228.

### III. JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this matter since the claims in this lawsuit arise under a federal statute, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. 28 U.S.C. § 1331.

18. This Court has personal jurisdiction over all parties to this action.

19. Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas. Each Defendant is a citizen and resident of the State of Texas. Additionally, a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas. 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

20. At all relevant times, Defendants have been an "employer" of Plaintiff and Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, Defendants have acted directly or indirectly in the interest of an employer with respect to Plaintiff and Class Members.

22. At all relevant times, Defendants controlled the day-to-day operations of Cosmopolitan and exercised substantial operational control and managerial responsibilities over Cosmopolitan. Defendants had and exercised substantial authority over persons employed by Cosmopolitan and the terms and conditions of their employment. This authority included hiring, disciplining, and terminating employees of Cosmopolitan; setting and determining the rate, method, and manner of pay for employees of Cosmopolitan; creating schedules; and creating and maintaining employment and compensation policies, pay records, time records, and other employment records for employees of Cosmopolitan. Therefore, for the purposes of the FLSA, Defendants acted as an "employer" of Plaintiff and Class Members and is individually liable for the claims in this lawsuit. 29 U.S.C. § 203(d).

23. At all relevant times, Defendants have each been engaged in an

"enterprise" within the meaning of Section 3(r) of the FLSA by being, through unified operation or common control, engaged in the performance of related activities for a common business purpose—namely operating Cosmopolitan, which employed Plaintiff and Class Members. 29 U.S.C. § 203(r).

24. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA. 29 U.S.C. § 203(s)(1). At all relevant times, Cosmopolitan had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level). At all relevant times, Plaintiff and Class Members, as employees of Defendants, were engaged in commerce or in the production of goods for commerce or were employed by Defendants in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

25. At all relevant times, bartenders and/or servers of Cosmopolitan, including Plaintiff and Class Members, handled and sold food, alcoholic beverages, and non-alcoholic beverages that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b). Bartenders and/or servers at Cosmopolitan, including Plaintiff and Class Members, also handled and otherwise worked with cleaning equipment, trash bags, toilet paper, paper towels, cleaning chemicals, and service ware that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b). Further, bartenders and/or servers at Cosmopolitan, including Plaintiff and Class Members, handled credit card transactions involving financial institutions from outside of the State of Texas.

26. As Defendants' violations of the FLSA were willful, the statute of limitations for the claims of Plaintiff and Class Members is three years. 29 U.S.C. § 255.

## V. FACTUAL ALLEGATIONS

27. During all relevant periods, Defendants had and exercised substantial authority over employees of Cosmopolitan and the terms and conditions of their employment and are individually liable as employers under the FLSA. 29 U.S.C. § 203(d).

28. Defendants employed Plaintiff Douglas Mallory as a bartender and/or server at Cosmopolitan from approximately July 2023 until April 2024. Plaintiff worked approximately thirty-five hours per week for Cosmopolitan during that period. Plaintiff was paid a subminimum wage of $5.00 per hour. Defendants then purported to apply a $2.12 per hour tip credit to Plaintiff's wages; this credit was taken from the tips given to Plaintiff by his customers.

29. Class Members worked as bartenders and/or servers for Defendants at Cosmopolitan during the three-year period preceding the filing of this lawsuit.

30. As a matter of policy and practice, Cosmopolitan paid its bartenders and/or servers a subminimum wage at all relevant times, including Plaintiff and Class Members.

31. Defendants purported to apply a tip credit, by which it paid a portion of its minimum wage obligations from tips given to its bartenders and/or servers by Cosmopolitan customers.

32. As a condition of claiming the tip credit, Defendants were obligated to provide bartenders and/or servers, including Plaintiff and Class Members, with the statutory notice required by 29 U.S.C. § 203(m).

33. The notice required under 29 U.S.C. 203(m) requires disclosure of (1) the amount of the cash wage that is to be paid to the tipped employees; (2) the amount by which the wages of the tipped employee are increased by the tip credit; (3) notice that all tips received by the employee must be retained by the employee, excepting only a tip pool among employees who customarily and regularly receive tips; and (4) that an employer may not keep tips received by its employees for any purposes, and may not allow managers or supervisors to keep any portion of employees' tips. 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b).

34. An employer that fails to provide such notice "must be divested of its statutory tip credit for the relevant time period." *Ettorre v. Russos Westheimer, Inc.,* No. 21-20344, 2022 WL 822181, at *2 (5th Cir. Mar. 18, 2022). If the employer fails to provide this notice, the employer loses its right to avail itself of the tip credit. 29 C.F.R. § 531.59(b); *Martin v. Tango's Rest., Inc.,* 969 F.2d 1319, 1323 (1st Cir. 1992) (stating that if the penalty for failing to adhere to the FLSA's notice provisions of the tip credit seems harsh, "it is also true that notice is not difficult for the employer to provide").

35. Defendants failed to provide the notice required by 29 U.S.C. § 203(m) to Plaintiff and Class Members.

36. Defendants have forfeited the tip credit as to Plaintiff and Class Members during all relevant times.

37. As a matter of policy and practice, Defendants required bartenders and/or servers at Cosmopolitan to contribute their tips to a mandatory tip pool.

38. The tip pool was then allocated by and/or at the direction of Defendants at the end of each night.

39. As a condition of claiming the tip credit, an employer must permit tipped employees to retain their tips except to the extent that those tips are included in a lawfully administered tip pool. 29 U.S.C. § 203(m); 29 C.F.R. § 531.52. An employer who takes the tip credit may require an employee to contribute tips to a tip pool only if the tip pool is limited to employees who customarily and regularly receive tips. *Id.*

40. Under no circumstances may employers require employees to share tips with the employer or with the employer's managers and supervisors. *Id.*; 29 C.F.R. § 531.54 ("An employer may not receive tips from such a tip pool and may not allow managers and supervisors to receive tips from the tip pool"). Violation of these requirements results in forfeiture of the tip credit for the relevant time period. *Montano,* 800 F.3d at 188-89.

41. Defendants, as a matter of policy and practice, distributed Plaintiff's and Class Members' tips to supervisory employees in violation of the FLSA. 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.54(c)(3). For example, Defendants allowed tips to be allocated to Jackson Tran and Sarah Anderson, who were owners and/or managers of

Cosmopolitan. As such, the tip credit has been forfeited as to Plaintiff and Class Members during all relevant times.

42. The tip pool was invalid as Defendants, as a matter of policy and practice, distributed Plaintiff's and Class Members' tips to employees who did not customarily and regularly receive tips in violation of the FLSA. Specifically, Defendants distributed tips from the tip pool to kitchen staff. 29 U.S.C. § 203(m)(2)(B); 29 CFR § 531.54(c)(3).

43. The tip pool was invalid as it improperly required Plaintiff and Class Members to share tips with their employer. For example, Jackson Tran—one of the participants in the tip pool—is a business partner of Cosmopolitan.

44. As the tip pool was invalid, Defendants have forfeited the tip credit applied to Plaintiff and Class Members over the three-year period preceding the filing of this lawsuit. *Montano,* 800 F.3d at 189.

45. Defendants have failed to create and retain the records required by the FLSA for employers taking the tip credit or operating a mandatory tip pool.

46. Based upon any one or more of the foregoing violations, Defendants violated the minimum wage provisions of the FLSA as cited in 29 U.S.C. § 206 and are prevented from utilizing the tip credit as an affirmative defense to the payment of the full minimum wage under Section 206.

47. As a result of these violations, Defendants have forfeited their ability to take the tip credit and are liable to Plaintiff and Class Members for the amount of the tip credit taken during the statutory time period, plus the amount of Plaintiff's

and Class Members' tips unlawfully kept by Defendants. 29 U.S.C. § 216(b). Defendants are further liable to Plaintiff and Class Members for an additional equal amount as liquidated damages. *Id.* Defendants are further liable for all other statutory damages provided for under the FLSA, including an award to Plaintiff and Class Members of their reasonable attorneys' fees and costs. *Id.*

## VI. COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff and Class Members have performed, and are performing, the same or similar job duties as one another in that they work or have worked as bartenders and/or servers for Defendants during the three-year period preceding the date of this lawsuit.

49. Plaintiff and Class Members were subjected to the same pay provisions and policies in that Defendants paid them all a subminimum hourly wage, to which Defendants applied a tip credit.

50. Plaintiff and Class Members were subjected to the same pay provisions and policies as Defendants failed to provide them with the mandatory notice of the provisions of 29 U.S.C. 203(m), which was a prerequisite to Defendants' use of the tip credit allowance as to Plaintiff and Class Members.

51. Plaintiff and Class Members were subjected to the same pay provisions and policies as Defendants required each of them to participate in a mandatory tip pool that (1) made distributions to supervisors and managers; (2) made distributions

to employees who did not customarily and regularly work receive tips; and (3) made distributions to owners of Cosmopolitan.

52. Plaintiff and Class Members were each subjected to the same failure of Defendants to keep and maintain the records required by 29 CFR § 516.28 for employers taking the tip credit or operating a mandatory tip pool.

53. These policies or practices are and have been, at all relevant times, applicable to the Plaintiff and all Class Members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or Class Members. Rather, the same policies and practices that resulted in the non-payment of minimum wage compensation to Plaintiff also applied to all Class Members.

54. Plaintiff has actual knowledge, through personal observation and conversations with co-workers, that a collective of similarly situated Cosmopolitan bartenders and/or servers exist who share the same or similar duties, who have been subjected to the same policies and practices of Defendants, and who have been subject to the same violations of the FLSA.

55. Thus, Class Members are owed the full minimum wage for their hours worked for the same reasons as Plaintiff, without regard to their individualized circumstances. Class Members are also owed reimbursement for the tips that were retained by Defendants, including those tips paid to supervisors or non-tipped employees.

56. Defendants knew or should have known that their policies and practices violated the FLSA, and Defendants have not made a good faith effort to comply with

the FLSA. Rather, Defendants acted knowingly, willfully, or with reckless disregard of the law. Defendants carried out and continue to carry out the illegal pattern and practice regarding their tipped employees as described in this Complaint.

57. The names and addresses of Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, by posting a notice in common work/rest areas, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

58. Although the exact amount of damages may vary among Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula, and the hours worked may be obtained from Defendants' records and/or Class Members.

59. As such, the class of similarly situated Class Members is properly defined as follows:

### CLASS DEFINITION

**All current and former bartenders and/or servers employed by Cosmopolitan Corp. d/b/a Cosmopolitan Lounge for at least one week during the three-year period prior to the filing of this lawsuit through the final resolution of this action.**

## VII. COUNT I - FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

60. Plaintiff incorporates by reference all other paragraphs of this Complaint as if set forth in full herein.

61. Defendants are an employer subject to the FLSA.

62. Plaintiff and Class Members were or are employees of Cosmopolitan Lounge subject to the FLSA.

63. Defendants employed and employ Plaintiff and/or Class Members in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

64. Defendants paid and are paying Plaintiff and/or Class Members a sub-minimum wage.

65. During the relevant period, Defendants have violated and are violating Section 6 of the FLSA, 29 U.S.C. §§ 206, and 215(a)(2), by at least:

   a. paying Plaintiff and/or Class Members less than statutorily mandated minimum wage;
   b. requiring Plaintiff and/or Class Members to share their tips with one or more individuals who do not customarily and regularly receive tips;
   c. requiring Plaintiff and/or Class Members to share tips with their employer and their employer's managers or supervisors; and/or
   d. requiring Plaintiff and/or Class Members to share tips with owners of Cosmopolitan.

66. Defendants' conduct has resulted in forfeiture of the tip credit.

67. Plaintiff and Class Members are entitled to the full minimum wage for all hours worked for which Plaintiffs and Class Members were paid a sub-minimum wage.

68. Defendants further violated the FLSA by failing to provide Plaintiff and Class Members with the requisite notice under 29 U.S.C. § 203(m).

69. Defendants improperly claimed the tip credit as to Plaintiff and Class Members.

70. Defendants' conduct has resulted in forfeiture of the tip credit.

71. Plaintiff and Class Members are entitled to the full minimum wage for all hours worked in which Plaintiff and Class Members were paid a sub-minimum wage.

72. Plaintiff and Class Members are entitled to the full minimum wage for all hours worked in any workweek where they were required to participate in a tip pool that included and made distributions to (1) supervisors and managers; (2) individuals who did not customarily and regularly work in a tipped occupation; and (3) owners.

73. Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with applicable law.

## VIII. COUNT II - MISAPPROPRIATION OF TIPS

74. FLSA § 203(m)(2) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or

supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

75. Defendants have violated the FLSA by requiring Plaintiff and Class Members to participate in a tip pool that included and made distributions to supervisors, managers, and/or owners.

76. These violations were made knowingly, willfully, intentionally, and/or in bad faith.

77. Plaintiff and Class Members are entitled to reimbursement of all misappropriated tips plus an equal amount in liquidated damages. 29 U.S.C. § 216(b).

## IX. DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable of right by a jury.

## X. REQUEST FOR RELIEF

Plaintiff respectfully requests an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, upon the trial of this cause, requests a judgment against Defendants, jointly and severally, as follows:

> a. for an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants are liable for unpaid back wages due to Plaintiff (and those Class Members who may join in the suit) and for liquidated damages in an amount equal to the unpaid compensation found due;

b. for an Order awarding Plaintiff (and Class Members who may join in the suit) reimbursement of all misappropriated tips plus an equal amount as liquidated damages;

c. for an Order awarding Plaintiff (and Class Members who may join in the suit) the taxable costs and allowable expenses of this action;

d. for an Order awarding Plaintiff (and Class Members who may join in the suit) their attorneys' fees;

e. for an Order awarding Plaintiff (and Class Members who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. for an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent Defendants' further violations and to effectuate the purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and/or

g. for an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Dated: September 12, 2024

Respectfully submitted,

**Shawn A. Latchford**
Texas Bar No. 24066603
shawn@brusterpllc.com
**Keith L. Langston**
Texas Bar No. 24015196
klangston@brusterpllc.com
**John C. Hull**
Texas Bar No. 24050791
jhull@brusterpllc.com
**BRUSTER PLLC**
12222 Merit Drive, Suite 1030
Dallas, Texas 75251
Telephone: (817) 601-9564
Facsimile: (903) 470-7350

*Counsel for Plaintiff*
*Douglas Mallory*